UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: HO WAN KWOK, *et al.*, <br> *Debtors* | BANKR. NO. 22-50073 (JAM) <br> *Chapter 11* <br> ADV. PRO. NO. 23-5007 |
| AIG PROPERTY CASUALTY COMPANY, <br> *Appellant*, <br> v. <br> GENEVER HOLDINGS, LLC, <br> *Debtor-Appellee*. | CIVIL NO. 3:23-cv-1003 (KAD) <br><br><br> AUGUST 17, 2023 |

**MEMORANDUM OF DECISION RE: APPELLANT'S MOTION FOR LEAVE TO APPEAL (ECF No. 2)**

Kari A. Dooley, United States District Judge:

AIG Property Casualty Company ("Appellant"), the insurer of a luxury apartment owned by Genever Holdings, LLC ("Genever US" or "Appellee") and located within the Sherry Netherland Hotel, moves for leave to appeal the Bankruptcy Court's entry of a preliminary injunction preventing Appellant from cancelling three homeowner insurance policies it issued for the apartment. *See AIG Property Casualty Company v. Genever Holdings, LLC (In re Kwok)*, No. 23-5007 (JAM) (Bankr. D. Conn. July 13, 2023), ECF No. 32. Appellee opposes the motion for leave to appeal. (ECF No. 16) For the reasons set forth below, the motion for leave to appeal is DENIED.

**Facts and Procedural History**

Appellant issued three[1] post-petition homeowners' policies to Appellee to insure a luxury apartment and two staff quarters owned by Appellee within the Sherry Netherland Hotel in New York, New York for a policy period of March 6, 2023 to March 6, 2024. Appellee is a limited liability company which filed for bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York on October 12, 2020. On November 3, 2022, the U.S. Bankruptcy Court for the Southern District of New York transferred Appellee's case to the U.S. Bankruptcy Court for the District of Connecticut, and on November 21, 2022, the Bankruptcy Court ordered that Appellee's bankruptcy case be jointly administered with the Chapter 11 cases of Ho Wan Kwok and Genever Holdings Corporation ("Genever BVI"). Kwok is the indirect owner of Genever US through his ownership of Genever BVI, which is the sole member of Genever US.

Kwok and his family resided at the Sherry Netherland apartment. On March 15, 2023, Kwok was arrested by the Federal Bureau of Investigation ("FBI") at the apartment. While the FBI was searching the apartment, a fire broke out. The cause of the fire and the extent of the damage caused by the fire is presently unknown. On April 25, 2023, Appellant issued notices cancelling the policies with an effective date of May 31, 2023.

On May 12, 2023, Appellee initiating an adversary proceeding, seeking breach of contract damages, declaratory judgment, and related relief stemming from the cancellation notices and potential future denials of coverage for the damage caused by the fire. On May 15, 2023, Appellee filed a motion for preliminary injunction. Appellant thereafter issued new cancellation notices which stated that the policies were being cancelled due to: (1) fraud or misrepresentation by Appellee in obtaining the polices because Appellee's sole member was not Kwok, as represented,

---

[1] Appellant had issued five policies to Appellee, but the parties agreed that Appellant could cancel the remaining policies relating to jewelry, fine art, and silverware. *See AIG Property Casualty Company v. Genever Holdings, LLC (In re Kwok)*, No. 23-5007 (JAM) (Bankr. D. Conn. July 13, 2023), ECF No. 32 at 2 n.2.

but was Genever BVI, (2) willful or reckless acts and omissions by Appellee first, in allowing Kwok to reside in and maintain control of the apartment and second, in allowing the apartment to remain unoccupied, which increased the risk insured against, and (3) physical changes to the apartment after the fire.

The Bankruptcy Court held an evidentiary hearing on the motion for preliminary injunction on July 12, 2023, during which three witnesses testified and exhibits were admitted into evidence. On July 13, 2023, the Bankruptcy Court issued a fifteen page Memorandum of Decision in which the Bankruptcy Court detailed the evidence submitted and the bases for both the factual findings and legal conclusions reached. The Bankruptcy Court therein granted the motion for preliminary injunction and enjoined Appellant from cancelling the policies "until after a determination on the merits of the Complaint" and further ordered Appellant to "immediately rescind its Notices of Cancellation and issue Notices of Reinstatement." No. 23-5007, ECF No. 32 at 15. On July 27, 2023, Appellant filed a Notice of Appeal in this Court as well as the instant motion for permission to appeal. (ECF Nos. 1, 2)

**Standard of Review**

Districts courts have jurisdiction to hear appeals from "final judgments, orders, and decrees . . . [and] with leave of the court, from other interlocutory orders and decrees . . . of bankruptcy judges." 28 U.S.C. § 158(a).[2] "The decision as to whether to grant leave to appeal an interlocutory order of a bankruptcy court is committed to the discretion of the district court." *Osuji v. U.S. Bank, N.A.*, 285 F. Supp. 3d 554, 557 (E.D.N.Y. 2018) (citing *In re Kassover*, 343 F.3d 91, 94 (2d Cir. 2003). The standard set forth in 28 U.S.C. § 1292(b), which governs interlocutory appeals from district courts to courts of appeals, similarly governs such interlocutory appeals from bankruptcy

---

[2] The parties agree that this case presents an appeal of an interlocutory order. *See* Appellant Br., ECF No. 2 at 10; Appellee Br., ECF No. 16 at 3–4.

courts to district courts. *In re Quigley Co.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("[C]ourts in this Circuit have invariably held[ ] all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal shall be granted." (citation omitted)). Section 1292(b) provides:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

28 U.S.C. § 1292(b). Accordingly, Appellant must establish that "the order (1) involves a controlling question of law (2) as to which there is a substantial ground for difference of opinion, and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Osuji*, 285 F. Supp. at 558; *see also In re Salvatore*, No. 3:18-cv-1429 (SRU), 2019 WL 1284815, at *1 (D. Conn. Mar. 20, 2019).

The first inquiry is satisfied "if the reversal of the bankruptcy court's order would (1) terminate the action or (2) materially affect the outcome of the litigation." *In re Salvatore*, 2019 WL 1284815, at *2 (quoting *Buckskin Realty Inc., v. Greenberg,* 552 B.R. 40, 44 (E.D.N.Y. 2016)). "The question of law must be a pure question that does not require resort to the case docket for study." *Id.* at *2. The second inquiry is satisfied where there is either conflicting authority on the issue or the issue is particularly difficult and of first impression in the Second Circuit. *Osuji*, 285 F. Supp. 3d at 558. Alternatively, there must be "a genuine doubt as to whether the bankruptcy court applied the correct legal standard. . . . [M]erely claiming that the bankruptcy court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *In re Salvatore,* 2109 WL 1284815 at *2. The third inquiry is satisfied "when the appeal promises to advance the time for trial or to shorten the time required for trial." *Id.* Further, district courts have

"unfettered discretion to deny certification of an order for interlocutory appeal even when a party has demonstrated that the criteria of [section] 1292(b) are met." *Buckskin Realty Inc.*, 552 B.R. at 44.

**Discussion**

Appellant contends that an interlocutory appeal is appropriate here because of the Bankruptcy Court's "novel [and incorrect] legal conclusion as to its power to issue a preliminary injunction enjoining a non-debtor, where no fraudulent conveyance has been alleged, in the absence of irreparable harm and where monetary damages would provide adequate compensation." Appellee counters that Appellant takes portions of the Bankruptcy Court's decision out of context, that the Bankruptcy Court made a finding of irreparable harm distinct from money damages, and even if there was a question as to whether the Bankruptcy Court applied the correct legal standard, the appeal necessarily presents a mixed question of law and fact. The Court agrees with Appellee.

First, the question presented is not one that is "controlling" as contemplated above. Specifically, this appeal does not present a pure question of law and to the contrary, would require the Court to parse through the complete evidentiary record in the Bankruptcy Court to assess the propriety of the Bankruptcy Court's decision. Indeed, much of Appellant's argument focuses not on the legal issue decided, *i.e.*, the applicable standard for granting preliminary injunctive relief, but the sufficiency of the evidence relied upon by the Bankruptcy Court. Appellant's "quarrel is with the state of the factual record below, and not with any question of law. . . . Rather, [Appellant's] putative appeal is an invitation for interlocutory review of whether the facts before the [B]ankruptcy [C]ourt were sufficient to grant" a preliminary injunction. *See Traversa v. Educ. Credit Management. Corp.*, 386 B.R. 386, 389 (D. Conn. 2008); *Osuji*, 285 F. Supp. 3d at 559; *In re Salvatore*, 2019 WL 1284815, at *2. Moreover, even if this Court allowed the appeal and

ultimately agreed with Appellant that the Bankruptcy Court applied an incorrect standard for issuing a preliminary injunction, such a finding might not resolve the preliminary injunction issue,[3] much less the underlying adversary proceeding. As such, a reversal by this Court would not terminate the adversarial proceeding and may even have the unintended consequence of delaying those proceedings. *See Barbella v. Pergament*, No. 16-mc-1221 (JFB), 2018 WL 317778, at *3 (E.D.N.Y. Jan. 8, 2018) (citing *Klinghoffer v. S.N.C. Achille Lauro Ed Altri–Gestione Motonave Achille Lauro in Amministrazione Straordinaria*, 921 F.2d 21, 24 (2d Cir. 1990)). Indeed, the Bankruptcy Court acknowledged that the preliminary injunction was being issued "until after a determination on the merits of the Complaint."

Second, and aside from the clear presence of factual disputes, "merely claiming that a court's decision was incorrect is insufficient to establish substantial ground for difference of opinion." *Osuji*, 285 F. Supp. 3d at 559 (quoting *Buckskin Realty, Inc.*, 52 B.R. at 44). Here, there is nothing novel or complex about the legal issues Appellant wishes to raise in the interlocutory appeal; rather, Appellant merely asserts that the Bankruptcy Court's decision to issue a preliminary injunction was legally incorrect and unsupported by the record evidence. *See Buckskin Realty Inc.*, 552 B.R. at 45 ("There is no substantial ground for a difference of opinion on the correct standard for the entry of a default judgment or that the bankruptcy court properly applied that standard.").

---

[3] Although Appellant seeks wholesale reversal of the Bankruptcy Court's grant of injunctive relief, if the Court agreed that the Bankruptcy Court applied an incorrect legal standard, it could remand to the Bankruptcy Court with direction to apply the correct legal standard. *See Barbella*, 2018 WL 317778, at *3 ("Even if this Court allowed appeal and ultimately agreed with appellants that the Bankruptcy Court erred, . . . the Bankruptcy Court would be required to re-examine the issues, and, after conducting such an examination, could ultimately reach the same result."); *see also In re Excel Innovations, Inc.*, 502 F.3d 1086, 1089 (9th Cir. 2007) (reversing and remanding to Bankruptcy Court for further proceedings because the Bankruptcy Court "misapprehended the operative legal standard" for 11 U.S.C. § 105(a) preliminary injunctions); *In re Preserve, LLC*, BAP No. CC-17-1357-LLsTa, 2018 WL 4292023, at *7 (9th Cir. BAP Sept. 7, 2018) ("We must therefore remand this matter to the bankruptcy court for application of the appropriate legal tests and recalculation of damages if warranted."). And the Bankruptcy Court, on remand, could reach the same conclusion.

Last, an appeal at this juncture would not materially advance termination of the adversary proceeding. "Although technically the question of whether there is a controlling issue of law is distinct from the question of whether certification would materially advance the ultimate termination of the litigation, in practice the two questions are closely connected." *Primavera Familienstifung v. Askin*, 139 F. Supp. 2d 567, 570 (S.D.N.Y. 2001). And as discussed above, there is still the underlying breach of contract and declaratory judgment claims yet to be adjudicated, and a reversal of the preliminary injunction by this Court would not affect the status of that litigation and may even delay it. Thus, there is no efficiency or benefit to the underlying action if this Court grants leave to appeal.

**Conclusion**

For the foregoing reasons, Appellant's motion for leave to appeal (ECF No. 2) is DENIED. The Clerk of the Court is directed to close this case.

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of August 2023.

    */s/ Kari A. Dooley*
KARI A. DOOLEY
UNITED STATES DISTRICT JUDGE